INTERNATIONAL LONGSHOREMEN'S AND WARE-
HOUSEMEN'S UNION (CIO): LOCAL 144 OF
THE INTERNATIONAL LONGSHOREMEN'S AND
WAREHOUSEMEN'S UNION (CIO): UNIT 1, LO-
CAL 144 OF THE INTERNATIONAL LONGSHORE-
MEN'S AND WAREHOUSEMEN'S UNION (CIO):
JOSEPH KAHOLOKULA, SEICHI DOI, HARRIS
YOSHIO NAGATA, BENJAMIN AWANA, FRANK
MATSUI, GEORGE FERNANDEZ, ERNEST FER-
NANDEZ, CHARLES REVERA, JOHN DOE, MARY
DOE, RICHARD DOE, ET AL. *v.* CABLE A. WIRTZ
AS JUDGE OF THE CIRCUIT COURT OF SECOND
JUDICIAL CIRCUIT OF THE TERRITORY OF
HAWAII AND MAUI AGRICULTURAL COMPA-
NY, LIMITED.

No. 2637.

SUBMITTED JANUARY 4, 1947.     DECIDED JANUARY 23, 1947.

KEMP, C. J., LE BARON, J. AND CIRCUIT JUDGE
PENCE IN PLACE OF PETERS, J., ABSENT.

*Per Curiam.* This is a petition for rehearing and re-
argument of the cause relative to the court's opinion re-
ported on page 404 *ante.* The petition is supported by
a brief of fifty-five pages.

The first ground of the petition is that "the statement
of the court in its opinion that the restraining order is-
sued by respondent Wirtz is 'admittedly in conformity
with the laws of the Territory' is in error and is preju-
dicial to petitioners." The statement is neither erroneous
nor prejudicial. It merely refers to an admission of the

attorney for the petitioners made in open court for the purposes of argument and which concerned a matter not in issue.

Bearing in mind that the court's opinion resolved in the negative the sole issue presented, which is whether the second circuit court of the Territory is "a court of the United States" within the meaning of the Norris-LaGuardia Act, it is readily apparent from the arguments advanced to support them that the remaining grounds of the petition rest fundamentally upon a misconception of the authoritative holding of this court and present questions heretofore fully briefed and argued at the hearing and considered by the court. One example of such misconception is the urging by the supporting brief of the construction in relation to the amended Clayton and Sherman Acts that Congress intended the Norris-LaGuardia Act to apply to the United States District Court for the District of Hawaii. Assuming *arguendo* without deciding that the urged construction is judicially sound, the Act's applicability under it to one legislative court specifically would constitute an exception to the Act's inapplicability under the court's interpretation to legislative courts generally. More pertinent, the construction would afford corroborative aid to such interpretation with respect to the Act's inapplicability to the second circuit court of the Territory. Clearly upon the principle of *inclusio unius est exclusio alterius* an intent to include within the jurisdictional limitations, placed by the Act upon comparable constitutional courts, the only legislative court in the Territory (the United States District Court for the District of Hawaii) which has the same federal jurisdiction, subject to the same limitations, as constitutional district courts, Congress having declared that it "shall have the jurisdiction of district courts of the United States, and shall proceed therein in the same manner as a district court" (Or.

Act § 86; 48 U. S. C. A. § 642), of itself would evidence in the absence of any manifestation to the contrary an intent to exclude therefrom the other (the second circuit court of the Territory) which has not federal but territorial jurisdiction and is not required to proceed in the same manner as a district court of the United States.

The petition for rehearing and reargument is denied without argument.